**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

**HOUSE OF FUN MUSIC, INC.,**                     CASE NO.: 04 CV 07799 (LAK)

                *Plaintiff*,

    -against-                                  **AMENDED COMPLAINT**

**GEFFEN RECORDS, INTERSCOPE RECORDS, UNIVERSAL MUSIC GROUP, UNIVERSAL MUSIC PUBLISHING GROUP, MUSIC OF WINDSWEPT, UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP., ZOMBA MUSIC PUBLISHING, BMG MUSIC PUBLISHING, MARY J. BLIGE, MARY J. BLIGE MUSIC, UNIVERSAL MCA PUBLISHING (A DIVISION OF UNIVERSAL STUDIOS, INC.), EVE JEFFERS, BLONDIE ROCKWELL PUBLISHING, BRUCE MILLER, CWAB, ANDRE YOUNG p.k.a. DR. DRE, AIN'T NOTHIN' GOIN' ON BUT, FUNKIN', THERON OTIS FEEMSTER, FEEMSTRO MUSIC, MICHAEL ELIZONDO, ELVISMAMBO MUSIC, BLOTTER MUSIC, WINDSWEPT PACIFIC HOLDINGS L.L.C., WARNER/CHAPPELL MUSIC PUBLISHING,**

                *Defendants.*

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━X

The Plaintiff, HOUSE OF FUN MUSIC INC., by its attorneys, Eric Vaughn-Flam, P.C., as and for its amended complaint against the Defendants sets forth as follows:

1. Plaintiff, HOUSE OF FUN MUSIC, INC. ("PLAINTIFF"), a music publishing company, is a corporation existing under and by virtue of the laws of the State of Tennessee, with its principal address located at 235 Park Avenue South, New York, New York 10003.

2. Defendant, GEFFEN RECORDS, ("GEFFEN"), is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in New York, with its principal offices located at 2200 Colorado Avenue, Santa Monica, California 90404.

3.  Defendant GEFFEN RECORDS is a subsidiary of Defendant UNIVERSAL MUSIC GROUP INC.

4.  Defendant, UNIVERSAL MUSIC GROUP, ("UMG"), is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in New York, with its principal offices located at 825 Eighth Avenue, New York, New York 10019.

5.  Defendant, UNIVERSAL MUSIC PUBLISHING GROUP, ("UMPG"), is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in New York, with its principal offices located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

6.  Defendant, MUSIC OF WINDSWEPT, ("WINDSWEPT"), is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in New York, with its principal offices located at 9320 Wilshire Boulevard, Suite 200, Beverly Hills, California 90212.

7.  Defendant, ZOMBA MUSIC PUBLISHING, ("ZOMBA"), is a corporation existing under and by virtue of the laws of the State of New York and authorized to do business in New York, with its principal offices located at 137-139 West 25th Street, New York, New York 10001.

8.  Defendant ZOMBA is a subsidiary of Defendant BMG MUSIC PUBLISHING GROUP ("BMG").

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

9. Defendant BMG is a corporation existing under and by virtue of the laws of the State of New York and authorized to do business in New York, with its principal offices located at 1540 Broadway, New York, New York 10036.

10. Defendant, INTERSCOPE RECORDS, INC., ("INTERSCOPE"), is a corporation authorized to do business in New York, with its principal offices located at 2220 Colorado Avenue, Santa Monica, California 90404.

11. Defendant, UNIVERSAL MUSIC & VIDEO DISTRIBUTION CORP., ("UMVD"), is a corporation authorized to do business in New York, with its principal offices located at 70 Universal City Plaza, Universal City, California 91608.

12. Defendant, MARY J. BLIGE, ("BLIGE"), is an individual whose principal place of business is 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

13. Defendant, MARY J. BLIGE MUSIC, ("BLIGE MUSIC"), is a corporation authorized to do business in New York, with its principal offices located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

14. Defendant, UNIVERSAL MCA PUBLISHING, ("MCA PUBLISHING"), is a corporation authorized to do business in New York, with its principal offices located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

15. Defendant, EVE JEFFERS, ("JEFFERS") is an individual whose principal place of business is located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

16. Defendant, BLONDIE ROCKWELL PUBLISHING, ("ROCKWELL PUBLISHING"), is a corporation authorized to do business in New York, with its principal offices located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

17. Defendant, BRUCE MILLER, ("MILLER"), is an individual whose principal place of business is located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

18. Defendant, CWAB, ("CWAB"), is a corporation authorized to do business in New York, with its principal offices located at 2440 Sepulveda Boulevard, Suite 100, Los Angeles, California 90064.

19. Defendant, ANDRE YOUNG p.k.a. Dr. Dre ("YOUNG"), is an individual whose principal place of business is located at 550 Madison Avenue, in the City and County of New York.

20. Defendant, AIN'T NOTHIN' GOIN' ON BUT FUNKIN', ("AIN'T NOTHIN'"), is a corporation authorized to do business in New York, with its principal offices located at 10585 Santa Monica Boulevard, Los Angeles, California 90025.

21. Defendant, THERON OTIS FEEMSTER, ("FEEMSTER"), is an individual whose principal place of business is located at 8750 Wilshire Boulevard, Beverly Hills, California 90211.

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

22. Defendant, FEEMSTRO MUSIC, ("FEEMSTRO"), is a corporation authorized to do business in New York, with its principal offices located at 8750 Wilshire Boulevard, Beverly Hills, California 90211.

23. Defendant, MICHAEL ELIZONDO, ("ELIZONDO"), is an individual whose principal place of business is located at 9320 Wilshire Boulevard, Suite 200, Beverly Hills, California 90212.

24. Defendant, ELVISMAMBO MUSIC, ("ELVISMAMBO"), is a corporation authorized to do business in New York, with its principal offices located at 9320 Wilshire Boulevard, Suite 200, Beverly Hills, California 90212.

25. Defendant, BLOTTER MUSIC, ("BLOTTER"), is a corporation authorized to do business in New York, with its principal offices located at 9320 Wilshire Boulevard, Suite 200, Beverly Hills, California 90212.

26. Defendant, WINDSWEPT PACIFIC HOLDINGS, L.L.C., ("WINDSWEPT PACIFIC"), is a corporation existing under and by virtue of the laws of the State of California and authorized to do business in New York, with its principal offices located at 9320 Wilshire Boulevard, Suite 200, Beverly Hills, California 90212.

27. Defendant, WARNER/CHAPPELL MUSIC PUBLISHING, INC., ("WARNER/CHAPPELL"), is a corporation authorized to do business in New York, with its principal offices located at 10585 Santa Monica Boulevard, Los Angeles, California 90025.

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

**JURISDICTION AND VENUE**

28.   This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.. This Court has jurisdiction of this action under 28 U.S.C.§§ 1331, 1338(a) and 1338(b), and under its supplemental jurisdiction.

29.   Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

30.   PLAINTIFF is at all times relevant to the matters alleged in this complaint, the exclusive owner of the copyrights throughout the world and all rights thereunder in and to the musical composition "Holiday" written by Curtis Hudson and Lisa Stevens, (hereinafter the "SUBJECT WORK"), which was written, performed and created in or about 1984.

31.   The SUBJECT WORK contains material wholly original with PLAINTIFF that is copyrightable subject matter under the laws of the United States.

32.   On April 2, 1984, the U.S. Register of Copyrights issued a Certificate of Registration for the SUBJECT WORK, and bears registration number PA 216 744.

33.   PLAINTIFF, as a music publishing company, has administered publishing rights into the SUBJECT WORK in strict conformity with

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

the provisions of the Copyright Act of 1976, as amended, and all other laws governing copyright.

34.  Defendants have released a master recording or administered publishing rights into a composition entitled "Not Today" performed by MARY J. BLIGE featuring JEFFERS, (a.k.a. "Eve"), (hereinafter the "INFRINGING WORK").

35.  Defendant JEFFERS' performed the INFRINGING WORK in connection with or as a result of a license between Defendants INTERSCOPE RECORDS and UNIVERSAL MUSIC ENTERPRISES.

36.  The INFRINGING WORK was written by Defendants MARY J. BLIGE, BRUCE MILLER, ANDRE YOUNG, THERON FEEMSTER, MICHAEL ELIZANDO AND EVE JEFFERS.

37.  Defendant MARY J. BLIGE MUSIC is the entity that serves as publisher for Defendant MARY J. BLIGE.

38.  Defendant BLONDIE ROCKWELL PUBLISHING is the entity that serves as publisher for Defendant JEFFERS.

39.  Defendant CWAB is the entity that serves as publisher for Defendant BRUCE MILLER.

40.  Defendant AIN'T NOTHIN' GOIN' ON BUT FUNKIN' is the entity that serves as publisher for Defendant ANDRE YOUNG p.k.a. Dr. Dre.

41.  Defendant ELVISMAMBO MUSIC is the entity that serves as

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

**publisher for Defendant MICHAEL ELIZANDO.**

**42. Defendant GEFFEN RECORDS, is the entity that recorded, manufactured, and produced the album by MARY J. BLIGE entitled "Love & Life".**

**43. Defendants UNIVERSAL MUSIC PUBLISHING GROUP, ("UMPG") WB MUSIC CORP,("WB"), MUSIC OF WINDSWEPT, ("WINDSWEPT"), and ZOMBA MUSIC PUBLISHING, (collectively referred to as the "Original Publishers") on behalf of themselves and others are claiming copyright ownership in the INFRINGING WORK.**

**44. No license has ever been granted by PLAINTIFF for the use of the SUBJECT WORK in the INFRINGING WORK.**

**45. The INFRINGING WORK is an unauthorized interpolation of the SUBJECT WORK. This allegation is based, in part, upon on independent scientific analysis and data.**

**46. Defendants have substantially copied the Subject Work, *to wit,* the INFRINGING WORK contains several unequivocal points of duplication of the SUBJECT WORK, including but not limited to sections of the rhythm and much of the harmonic content.**

**47. Defendants' copying of PLAINTIFF'S Subject Work is illegal because a substantial similarity exists between the INFRINGING WORK and the protectable elements of PLAINTIFF'S SUBJECT WORK as determined by independent scientific data.**

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

**48. Defendants have had access to the SUBJECT WORK because the SUBJECT WORK, was, and still is, widely disseminated throughout the world since its creation, in or about 1984, until the present.**

**49. PLAINTIFF is informed and believes, and on that basis alleges, that since at least as early as August 26, 2003, Defendants have been reproducing, distributing, promoting and/or administering publishing rights into the INFRINGING WORK, thereby further infringing upon the PLAINTIFF'S copyright in the SUBJECT WORK.**

**50. Upon information and belief, some or all of the Defendants have used the INFRINGING WORK, without license, in synchronization with the theatrical motion picture currently entitled "Barbershop 2: Back in Business," (hereinafter the "Picture").**

**51. Upon information and belief, some or all of the Defendants have used the INFRINGING WORK, without license, in synchronization with a home video/DVD entitled "Barbershop 2: Back in Business," (hereinafter the "Picture").**

**52. Upon information and belief, some or all of the Defendants have used the INFRINGING WORK, without license, in the Mary J. Blige "Love & Life" album CD.**

**53. Upon information and belief, some or all of the Defendants have used the INFRINGING WORK, without license, in the "Love & Life" UK Bonus Tracks album.**

**54. Upon information and belief, some or all of the Defendants have**

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

used the INFRINGING WORK, without license, in the Barbershop 2: Back In Business" soundtrack album (clean and explicit versions).

55. Upon information and belief, some or all of the Defendants have used the INFRINGING WORK, without license, in their respective music videos.

56. Upon information and belief, some or all of the Defendants have used the INFRINGING WORK, without license, in the Sanctuary Records' DVD release of Mary J. Blige "Live In Los Angeles" DVD.

57. Upon information and belief, some or all of the Defendants have used the INFRINGING WORK, without license, in the advertising, promotion, and marketing of the Picture.

58. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to deprive PLAINTIFF of the benefits of selling and/or licensing PLAINTIFF'S SUBJECT WORK and its other products, to deprive PLAINTIFF of goodwill, and to injure PLAINTIFF'S relations with present and prospective customers.

59. PLAINTIFF is informed and believes, and on that basis alleges, that they have lost and will continue to lose substantial revenues from the sale of the SUBJECT WORK and other products and will sustain damage as a result of Defendants' wrongful conduct and Defendants' unauthorized production and sale of the INFRINGING WORK.

60. Defendants' wrongful conduct has also deprived and will continue to deprive PLAINTIFF of opportunities for expanding its goodwill.

61. PLAINTIFF is informed and believes, and on that basis alleges, that unless enjoined by this Court, Defendants intend to continue its malicious conduct and to wrongfully use, infringe upon, sell and otherwise unjustly profit from PLAINTIFF'S SUBJECT WORK and works derived from it.

62. As a direct and proximate result of the acts of Defendants alleged above, PLAINTIFF has already suffered irreparable damage and has sustained lost profits.

63. PLAINTIFF has no adequate remedy at law to redress all of the injuries that Defendants has caused and intends to cause by its conduct.

64. PLAINTIFF will continue to suffer irreparable damage and sustain lost profits until Defendants' actions alleged above are enjoined by this Court.

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

## COUNT I

## COPYRIGHT INFRINGEMENT

65. **PLAINTIFF** re-alleges each and every allegation set forth in Paragraphs 1 through 64, inclusive, and incorporates them herein by this reference.

66. By its actions alleged above, Defendants have infringed and will continue to infringe **PLAINTIFF'S** copyright in and relating to the **SUBJECT WORK** by producing, distributing, and placing upon the market products which are infringing of **PLAINTIFF'S** copyrighted **SUBJECT WORK**.

67. **PLAINTIFF** is entitled to a permanent injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

68. **PLAINTIFF** is further entitled to recover from Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of Defendants' acts of infringement alleged above.

69. At present, the amount of such damages, gains, profits and

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

**advantages cannot be fully ascertained by PLAINTIFF.**

**WHEREFORE, PLAINTIFF prays for judgment against the Defendants as follows:**

    **(A) That judgment be entered for PLAINTIFF and against Defendants for PLAINTIFF'S actual damages according to proof, and for any profits attributable to infringements of PLAINTIFF'S copyrights, in accordance with proof for the minimum sum of $15 Million Dollars;**

    **(B) That judgment be entered for PLAINTIFF and against Defendants for statutory damages based upon Defendants' acts of infringement, pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.;**

    **(C) That Defendants be required to account for all gains, profits, and advantages derived from its acts of infringement and for its other violations of law;**

    **(D) That all gains, profits and advantages derived by Defendants from its acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of PLAINTIFF;**

    **(E) That the Court find that Defendants have infringed PLAINTIFF'S copyrights in the SUBJECT WORK;**

Eric Vaughn-Flam, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

**(F) That the Court find a substantial likelihood that Defendants will continue to infringe PLAINTIFF'S copyrights in the SUBJECT WORK unless enjoined from doing so;**

**(G) That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing PLAINTIFF'S copyrights in the SUBJECT WORK or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the SUBJECT WORK or to participate or assist in any such activity;**

**(H) That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to return to PLAINTIFF any and all originals, copies, facsimiles, or duplicates of the SUBJECT WORK in their possession, custody or control;**

**(I) That Defendants, their directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers, and distributors, and all others known to Defendants, any originals, copies, facsimiles, or duplicates of any works shown by the evidence to infringe any copyright in the SUBJECT WORK;**

ERIC VAUGHN-FLAM, P.C.
405 Park Avenue
New York, N.Y. 10022
(212) 935-0900

**(J) That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the SUBJECT WORK;**

**(K) That Defendants be required to file with the Court and to serve on PLAINTIFF, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order;**

**(L) That PLAINTIFF recover their costs, expenses and reasonable attorney fees incurred herein;**

**(M) That PLAINTIFF have such other and further relief that this Court deems appropriate.**

**Dated:      November 10, 2004**
**            New York, New York**

    **s/Eric D. Harris**
**ERIC VAUGHN-FLAM, ESQ. (0518)**
**ERIC D. HARRIS (EH-1341)**
Eric Vaughn-Flam, P.C.
***Attorneys for Plaintiff***
**405 Park Avenue**
**New York NY 10022**
**Tel 212-935-0900**